# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
FEB 27 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,

v.

CR 18  0081  CRB

STEVEN BROWN

DEFENDANT(S).

---

## INDICTMENT

Counts One through Nine:
18 U.S.C. § 1343 -- Wire Fraud
18 U.S.C. § 981(a)(1)(C) -- Criminal Forfeiture

---

A true bill.

_____, Foreman

Filed in open court this __27th__ day of
__February 2018__.

_____, Clerk

Bail, $ __no bail warrant__

LAUREL BEELER

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

Counts One through Nine: 18 U.S.C. § 1343 -- Wire Fraud
18 U.S.C. § 981(a)(1)(C) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum 20 years imprisonment
Maximum $250,000 fine
Maximum 3 years of supervised release
$100 special assessment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
FEB 27 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
STEVEN BROWN

DISTRICT COURT NUMBER
CR 18  0081  CRB

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: ALEX G. TSE
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): CHINHAYI CADET

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

FILED

FEB 27 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
3
4
5
6
7



8  UNITED STATES DISTRICT COURT
9  NORTHERN DISTRICT OF CALIFORNIA
10 SAN FRANCISCO DIVISION

CR18 0081

11 | UNITED STATES OF AMERICA,           ) CASE NO.
                                        )
12 |     Plaintiff,                     )
                                        ) VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18
13 | v.                                 ) U.S.C. § 981(a)(1)(C) – Criminal Forfeiture
                                        )
14 | STEVEN BROWN,                      )
                                        )
15 |     Defendant.                     )
                                        )
16 |_____)

17                           INDICTMENT

18    The Grand Jury charges:

19                    INTRODUCTORY ALLEGATIONS

20    At all times relevant to this Indictment:

21    1.    The defendant, Steven BROWN, resided in San Mateo in the Northern District of
22 California.

23    2.    BROWN owned and operated Better Property Management ("BPM"), a California
24 business entity incorporated under the laws of the State of California. BPM maintained offices in San
25 Francisco, California. A number of homeowners associations ("HOAs") in the San Francisco Bay Area,
26 including but not limited to those identified below, hired BPM to manage their buildings and finances.
27 As part of managing HOA finances, BROWN gained access to the HOA funds by opening bank
28 accounts for the HOAs when they hired him, and making himself the sole signor on the HOA accounts.

INDICTMENT

3. BROWN conducted banking transactions at the Mission National Bank branch located at 3060 16th Street, San Francisco, California.

4. BROWN maintained two accounts at Mission National Bank that he used to pay personal expenses. BROWN's personal bank accounts were numbered ending -9080 ("-9080 Account") and -7780 ("-7780 Account").

5. BROWN also maintained four business accounts for BPM at Mission National Bank, which accounts were numbered ending -6870 ("-6870 Account"), -2170 ("-2170 Account"), -8270 ("-8270 Account"), and -5670 ("-5670 Account"). In addition to using his business accounts to pay for BPM expenses, BROWN occasionally used those business accounts to pay his personal expenses. He also transferred money from his business accounts to his personal accounts, and used those transferred funds to pay personal expenses.

6. BROWN maintained a bank account for HOA #1 (located on the 200 block of Telegraph Hill Boulevard in San Francisco, California) at Mission National Bank, which account was numbered ending -8770 ("-8770 Account").

7. BROWN maintained two bank accounts for HOA #2 (located on Keystone Way in San Francisco, California) at Mission National Bank, which accounts were numbered ending -4070 ("-4070 Account") and -9570 ("-9570 Account").

8. BROWN maintained three bank accounts for HOA #3 (located on the 800 block of Castro Street in San Francisco, California) at Mission National Bank, which accounts were numbered ending -7870 ("-7870 Account"), -0170 ("-0170 Account"), and -7270 ("-7270 Account").

9. BROWN maintained several credit cards and accounts, including the following: American Express account numbered ending -9928, Bank of America MasterCard account numbered ending -3178, and Chase automobile lease account numbered ending -1006.

10. The victim HOAs in this case hired BROWN to manage their buildings and finances, and BROWN had a trusting relationship with the victim HOAs that he violated by taking their money. BROWN controlled the HOA funds as the sole signor on their bank accounts and as the only person who had access to account information directly from the bank for the HOA accounts. As the sole signor on the HOA bank accounts, BROWN possessed the authority to disburse the HOA funds via wire and

INDICTMENT                                                  2

check. As the only person who received bank statements directly from the bank for the HOA accounts, BROWN was able to disburse the HOA funds without the HOAs having knowledge. BROWN induced the HOAs to relax the care and vigilance they would ordinarily exercise in a number of ways, including complex movements of funds between Mission National Bank accounts over which he had authority, and disguising the true disposition of funds that he falsely converted via falsified statements.

COUNTS ONE THROUGH NINE: (18 U.S.C. § 1343 – Wire Fraud)

11. The factual allegations in paragraphs 1 through 10 are re-alleged and incorporated herein.

12. Beginning no later than in or about December 2012, and continuing to approximately April 2015, BROWN devised and intended to devise a scheme and artifice to defraud HOA #1, #2, #3, and others as to a material matter, and to obtain money and property from HOAs by means of materially false and fraudulent pretenses, representations, and promises and by concealment and omissions of material facts, with a duty to disclose.

### The Scheme and Artifice to Defraud

As part of the scheme as artifice to defraud:

13. BROWN moved money fraudulently and without authorization, or in excess of the authorization that he had been granted by the HOAs, from HOA bank accounts over which BROWN had been entrusted by HOAs into personal and business bank accounts held by BROWN or BROWN's family members. BROWN conducted the unauthorized and excess transfers both to enrich himself and to prevent detection of the ongoing scheme.

14. BROWN caused unauthorized and excess payments to be made from HOA accounts to his personal and business accounts by initiating Automated Clearing House ("ACH") or electronic transfers of funds from HOA accounts to his personal and business accounts.

15. BROWN did not inform the HOAs who had entrusted him with their funds that he had fraudulently initiated payments to himself, and concealed and hid, and caused to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme. BROWN did so, in part, to maintain his BPM business and to continue to be compensated for such work.

16. BROWN initiated bank transactions from the Mission National Bank accounts of HOAs

INDICTMENT                                           3

as if they were authorized in BROWN's role as property manager for HOAs, thus misrepresenting to the bank that these were authorized and lawful transactions, when they were in fact not.

17. BROWN failed to inform the HOAs that he had fraudulently obtained and converted the funds, and then intentionally delayed giving account statements and other bank information to the HOAs.

18. BROWN created the false appearance that the funds he fraudulently converted were not so converted by falsifying Mission National Bank HOA account statements and providing those statements to the HOAs.

19. BROWN used funds that he had fraudulently obtained and converted from one HOA to pay back some of the funds that he had fraudulently obtained and converted from another HOA to give the appearance that the funds he had taken were not missing.

## Execution of the Scheme

20. On or about the dates alleged below, in the Northern District of California and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice described above, the defendant,

STEVEN BROWN,

did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds:

| COUNT | DATE | WIRE |
|---|---|---|
| 1 | 01/17/2014 | Payment of $20,000 from HOA #1's -8770 Account to BROWN's personal -9080 Account by means of electronic transfer |
| 2 | 10/22/2014 | Payment of $10,000 from HOA #2's -4070 Account to BROWN's business -6870 Account by means of electronic transfer |
| 3 | 10/31/2014 | Payment of $10,000 from BROWN's business trust Account -8270 into HOA #2's -4070 Account by means of electronic transfer |
| 4 | 09/22/2014 | Payment of $8,000 from HOA #2's -9570 Account to BROWN's personal -7780 Account by means of electronic transfer |
| 5 | 09/22/2014 | Payment of $10,000 from HOA #2's -9570 Account to BROWN's personal -9080 Account by means of electronic transfer |
| 6 | 09/27/2013 | Electronic debit of $7,500 from HOA #3's -0170 Account to Brown's business -2170 Account |

INDICTMENT                                                      4

| COUNT | DATE | WIRE |
|---|---|---|
| 7 | 09/27/2013 | Electronic debit of $18,500 from HOA #3's -0170 Account to Brown's business -6870 Account |
| 8 | 09/27/2013 | Electronic debit of $2,500 from HOA #3's -0170 Account to Brown's personal -7780 Account |
| 9 | 09/27/2013 | Electronic debit of $22,500 from HOA #3's -0170 Account to Brown's personal -9080 Account |

Each in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION:</u>    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c)) – Criminal Forfeiture)

21. All of the allegations contained in this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

22. Upon a conviction for any of the offenses alleged in Counts One through Nine of this Indictment, the defendant,

STEVEN BROWN,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense including, but not limited to, a forfeiture money judgment.

23. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

INDICTMENT                                              5

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 1343, Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 2/27/18

A TRUE BILL

/s/

FOREPERSON

ALEX G. TSE
Acting United States Attorney

_____
JOHN H. HEMANN
Deputy Chief, Criminal Division

(Approved as to form: /s/ Chinhayi Cadet )
AUSA Chinhayi Coleman Cadet

INDICTMENT 6