DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5596
    FAX: (408) 535-5081
    Chinhayi.cadet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN BROWN,<br><br>    Defendant. | **CASE NO. CR 18-00081 CRB**<br><br>**JOINT BRIEFING RE SENTENCING GUIDELINES CALCULATIONS** |

## I. INTRODUCTION

Prior to a hearing in the present case on August 28, 2019, Terry Kleid's lawyer presented a victim impact statement to the Court. Through her civil lawyer, Kleid seeks to be heard at sentencing, specifically on the issue of losses she alleges in a civil suit against Brown. The Court ordered that the parties submit briefing as to whether the matters set forth in Kleid's letter to the Court impact the sentencing calculations in this case. For the reasons discussed below, Kleid's claims do not impact the Sentencing Guidelines calculations in the present case.

## II. STATEMENT OF FACTS

Although she was interviewed by the FBI during their initial investigation of Mr. Brown, the Government did not indict Mr. Brown for conduct involving Ms. Kleid, though did prosecute him for harm caused to Home Owners Associations ("HOA's"). As Kleid's claims do not relate to the HOA fraud alleged in the present case, Kleid's civil claim is markedly different from relevant conduct of the crime of conviction.

Brown is charged by indictment with nine counts of wire fraud related to his unauthorized withdrawal of funds from the accounts of numerous HOAs that he managed though his business, Better Property Management between approximately December 2012 and April 2015. Brown plead guilty to Count One of the indictment and admitted that he made unauthorized withdrawals from numerous HOAs. The total loss to these HOA victims was $230,496.58, which the parties agree is relevant conduct for the purpose of sentencing. Although Brown has repaid $134,560.22, his repayment lowers restitution but does not reduce the amount of loss considered for the relevant conduct calculation.

In the letter submitted to the Court, Kleid refers to (1) a civil suit (San Francisco Superior Court Case No.: CGC-16-553953) that she has filed against Brown concerning alleged fraud that is unrelated to the scheme to defraud HOAs alleged in the Indictment, (2) allegations set forth in a California Department of Real Estate's Accusation against Brown, (3) allegations regarding civil lawsuits filed by other individuals against Brown for alleged fraud also unrelated to the scheme to defraud HOAs alleged in the Indictment, (4) allegations by other individuals that Brown committed fraud against them that is also unrelated to the scheme to defraud HOAs alleged in the Indictment.

### III.     MEMORANDUM OF POINTS AND AUTHORITIES

Relevant conduct is the range of conduct relevant to determining the offense level in the guidelines. It includes all acts or omissions of the defendant done in preparation for, during, or to avoid detection for the offense of conviction. U.S.S.G. 1B1.3(a)(1)(A). In fraud cases, relevant conduct also includes all acts of the defendant that were part of the same course of conduct or common scheme or plan as the offense of conviction. (U.S.S.G. 1B1.3(a)(2); 2B1.1; *United States v. Fine,* 975 F.2d 596, 600 (9th Cir. 1992).

When the scope of relevant conduct includes uncharged facts or conduct enhancing a sentence under Section 1B1.3(a)(2), the preponderance of the evidence standard of proof generally satisfies due process. *United States v. Restrepo*, 946 F.2d 654, 657-59 (9th Cir. 1991). However, if a case involves a severe penalty enhancement, due process may require heightened procedural protections. (*Id*. at 656 n.1, 659, 661.) *See e.g.*, *United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001) (aggregated nine-level sentence enhancements for firearm possession and abduction to facilitate escape be proven by clear and convincing evidence.)

Common Scheme or Plan

For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or modus operandi. U.S.S.G 1B1.3, Application note 5(B)(i). *See, e.g., United States v. Harder*, 116 F. Supp. 3d 1197 (D. Or. 2015) (all Assisted Living Facility investments sold by defendant, directly or indirectly by persons acting under his control, supervision, or direction to investors during two-and-a-half-year period, regardless of specific form of those investments, fell within common scheme or plan to defraud investors); *United States v. Valladares*, 544 F.3d 1257, 1268 (11th Cir. 2008) (separate health care fraud scheme involving nearly identical conduct was part of a common scheme or plan). Here, the government indicted Brown for conduct related to theft from HOAs. Kleid is an investor with rental properties in San Francisco, whose allegations do not involve HOA victims or accomplices common to the offense of conviction. The parties do not believe that Kleid's allegations constitute relevant conduct because they do not relate to the HOA fraud charged in the present case.

Same Course of Conduct

Offenses qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors relevant to this determination are the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required. U.S.S.G 1B1.3, Application note 5(B)(ii). Applying these principles to the case at bar yields the same result as under the common scheme or plan analysis. The parties are in agreement that this case involves harm caused to HOAs by Brown, with a total loss of $230,496.58.

## IV. CONCLUSION

Given that the information Kleid presents in her letter does not bear upon the fraud scheme alleged in the present case, the information does not impact the Sentencing Guidelines loss amount calculation here. For the foregoing reasons, the parties submit that the accurate calculation of the loss is $230,496.56, which yields a 10 point increase pursuant to U.S.S.G. Section 2B1.1(b)(1)(F).

DATED:  November 15, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　CHINHAYI COLEMAN CADET
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

DATED:  November 15, 2019　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　DOUGLAS RAPPAPORT
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

JOINT BRIEFING RE SENTENCING GUIDELINES CALCULATIONS
CR 18-00081 CRB　　　　　　　　　　　　　4