**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | **No. 18-cr-0081-CRB** |
| STEVEN BROWN, | ) ) ) | |
| Defendant. | ) ) | San Francisco, California |
| | | Wednesday, March 4, 2020 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:             DAVID L. ANDERSON
                           UNITED STATES ATTORNEY
                           150 Almaden Boulevard, Suite 900
                           San Jose, California 95113
                    BY:    **CHINHAYI COLEMAN CADET**
                           **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:             LAW OFFICES OF DOUGLAS RAPPAPORT
                           260 California Street, Suite 1002
                           San Francisco, California 94111
                    BY:    **DOUGLAS L. RAPPAPORT, ESQ.**

Also Present:              Joseph L. Schatz, Esq.
                           3121A Franklin Street
                           San Francisco, California 94123




Reported by:    Katherine Powell Sullivan, CSR #5812, CRR, RMR
                Official Reporter - U.S. District Court

| | |
|---|---|
| 1 | **Wednesday - March 4, 2020**                                      **1:49 p.m.** |

                        **P R O C E E D I N G S**

                               ---oOo---

    **THE CLERK:**  Calling Criminal 18-0081, USA versus Steven Brown.

    **MS. CADET:**  Good afternoon, Your Honor.  Chinhayi Cadet for the United States.

    **MR. RAPPAPORT:**  Good afternoon, Your Honor.  Douglas Rappaport on behalf of Mr. Brown.  He is present out custody.

    **MR. SCHATZ:**  Good afternoon, Your Honor.  Joseph Schatz for Mr. Brown's victim, Terry Kleid.

    **THE COURT:**  Okay.  So where are we on this matter?

    **MR. SCHATZ:**  Your Honor --

    **THE COURT:**  You have to speak into the microphone.

    **MR. SCHATZ:**  Your Honor, I sent the letter to the Probation department, asking the Court to give my client the opportunity to conduct discovery after the stay in the civil action is lifted, because although the Court has afforded me the opportunity to show why she should be afforded restitution, I can't do that as long as the stay is in effect.

    I've asked the civil attorney for Mr. Brown to lift it.  He has refused, still, on grounds of his Fifth Amendment rights.

    So I think that the fairest thing to do, since the Court is affording me this opportunity but Mr. Brown himself is

01:50:28

1   preventing me from taking advantage of it, is to allow her to
2   come back to the Court within a reasonable time after the stay
3   has been lifted, to present the evidence that would show that
4   she's deserving of restitution.
5           **THE COURT:** Who has -- where is the stay at the
6   present time?  What has been stayed?
7           **MR. RAPPAPORT:** My understanding is that Mr. Schatz
8   represents a woman by the name of Terry Kleid.
9           **THE COURT:** Right.
10          **MR. RAPPAPORT:** That he is alleging that she is a
11  victim of Mr. Brown's fraud in this particular case.  Both the
12  Government and I, who have the ability to review the discovery,
13  do not believe that Ms. Kleid is a victim in this matter.
14      Mr. Schatz has said in a letter to this Court that he is
15  unable to ascertain whether she is a victim of Mr. Brown
16  because he has been unable to conduct discovery in the state
17  court proceeding.
18      Apparently, Mr. Schatz sued Mr. Brown as well as five
19  other defendants -- he can correct me; it may be four
20  defendants -- in state court.  Mr. Brown, based on his Fifth
21  Amendment privilege, his attorneys sought a stay of the civil
22  proceeding but allowed the other defendants to proceed in the
23  case.
24      It's simply Mr. Brown who has a Fifth Amendment right.
25  And his right -- while I'm not his civil counsel, Mr. Brown's

01:51:48
1  Fifth Amendment right extends through the period through which
2  he could file a notice of appeal.  I don't know if that has
3  run, and we're very close to that date.
4      Suffice to say that Mr. Schatz's letter did not provide
5  the whole entire picture to this Court and was, to a certain
6  degree, dishonest by omission.
7      We have a letter dated February 24th, 2020, that was
8  provided to this Court through the Government.  It was
9  addressed to me.  And it indicates that Mr. Schatz, indeed, has
10 had the opportunity to conduct discovery and, in fact, has
11 settled with the other defendants in the case.
12     Mr. Schatz also hired a forensic accountant to go through
13 the records which were provided to him by the individual who
14 purchased Mr. Brown's business.  So Mr. Schatz does have those
15 records.
16     What this is, is really just a very clever attorney -- and
17 I have to take my hat off to him -- in an attempt to collect as
18 much as possible from Mr. Brown for his client.  He has a civil
19 case pending, and he would like to basically take a second bite
20 at the apple here should he not prove successful in the civil
21 proceeding.
22     I would ask the Government here for their input as well.
23          **THE COURT:**  Yes, Ms. Cadet.
24          **MS. CADET:**  Your Honor, this particular defendant has
25 been adjudged guilty.  He's been sentenced, and this is the

01:53:13

1   only issue remaining.
2       The Government and the defense agree that with respect to
3   what was charged in this case, that Ms. Kleid is not a victim
4   of the scheme to defraud HOAs in this case.  And the parties
5   had also agreed that the allegations regarding Ms. Kleid were
6   not relevant conduct for the sentencing in this case.
7       And, indeed, we received information indicating that
8   Ms. Kleid has sued Mr. Brown in state court, regarding her
9   business dealings with Mr. Brown in state court.
10      And so the Government does not believe that there's any
11  reason to continue this criminal case, that this criminal case
12  should be resolved.
13          **THE COURT:**  Well, it seems to the Court that this is
14  not a case in which there is a victim out there who everybody
15  identifies as a victim.  But we don't know what the amount of
16  the loss is that would warrant restitution.
17      Here I understand the argument is she's not a victim.  And
18  the Government says it and defense says it.  And, also, a
19  defendant has a right to be -- to have restitution ascertained
20  and set in a reasonable period of time.  I mean, there are time
21  limits and so forth about it.
22      So I continued it because I had hoped that to the extent
23  that there was an argument that this person is a victim and
24  here is the amount and so forth, or that here is the person
25  who's a victim, I thought that that would be presented.  But I

01:55:03  1  understand it's not.  Not through counsel's fault but because
2  it's simply arguably not available.  At least there's that
3  argument that it's not available.  I don't know.  No need to
4  assign fault.
5       I think the real question is, in a case in which somebody
6  has not been identified as a victim, that the parties to the
7  criminal disposition, both the United States Attorney and the
8  defense maintain this person is not a victim, will I look
9  beyond that to make some determination that, indeed, this
10 person is a victim and entitled to restitution.
11      And I would say if, in fact, there was evidence that the
12 person is a victim but we just don't know how much, that would
13 be a grounds for, perhaps, some other disposition.
14      But I don't see any basis for making that finding in light
15 of the fact that both the Government and the defense say she is
16 not a victim and that the Court sentenced the defendant based
17 upon an assumption that that conduct didn't constitute relevant
18 conduct.
19      That's right; didn't I?  Or did I?  What did I do?
20           **MS. CADET:**  I don't recall, Your Honor.  I remember
21 that both the defense and the Government argued that it was not
22 relevant conduct.
23           **THE COURT:**  What did I do?
24           **MR. SCHATZ:**  Your Honor --
25           **THE COURT:**  Let me find out first.  What did I do?  I

01:56:33

1   have no recollection.
2           **MR. RAPPAPORT:**  Excuse me.
3           **MR. SCHATZ:**  I can explain that, Your Honor.
4           **MR. RAPPAPORT:**  Excuse me.  You're not a litigant
5   here, sir.
6       What the Court did was, you said, "I have a solution.  I
7   am going to sentence Mr. Brown based on the facts before me" --
8           **THE COURT:**  Right.
9           **MR. RAPPAPORT:**  -- "in the Presentence Report.
10  However, I may include this amount as restitution," and gave
11  Mr. Schatz an opportunity to show the Court --
12          **THE COURT:**  Did I sentence him?
13          **MR. RAPPAPORT:**  You did.
14          **THE COURT:**  Yeah.
15          **MR. RAPPAPORT:**  Yes, he's a sentenced defendant.
16          **THE COURT:**  Right.  So all I have to do is ascertain
17  the restitution.  And I'm -- based upon the representations
18  made and the present status and the fact that I think
19  restitution as to this victim, if warranted, would unduly delay
20  the imposition of restitution.  And there are other victims,
21  are there not?
22          **MR. RAPPAPORT:**  There were.
23          **MS. CADET:**  Yes, Your Honor.
24          **THE COURT:**  And so they are entitled to restitution
25  where it's clear that they should get it.

```
01:57:30   1         So I'm denying your request to delay the proceedings, and
           2    I'm denying your request to include her losses, whatever they
           3    may be, in the restitution figure.
           4         And I will set restitution based upon -- do we have an
           5    exact amount in victims and so forth?
           6              MR. RAPPAPORT:  The Court has already ordered it
           7    specifically at the time of sentencing.
           8              THE COURT:  That will be the order of restitution.
           9              MR. RAPPAPORT:  Thank you.
          10              THE COURT:  Thank you.
          11              MR. SCHATZ:  Thank you, Your Honor.
          12              THE COURT:  Thank you.
          13              MS. CADET:  Thank you, Your Honor.
          14         (At 1:57 p.m. the proceedings were adjourned.)
          15                              - - - - -
          16
          17                      **CERTIFICATE OF REPORTER**
          18         I certify that the foregoing is a correct transcript
          19    from the record of proceedings in the above-entitled matter.
          20    DATE: Saturday, January 30, 2021
          21
          22
          23         _____
          24         Katherine Powell Sullivan, CSR #5812, RMR, CRR
                                   U.S. Court Reporter
          25
```